UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically filed*

| | |
|---|---|
| NORIS A. CASADO ) | |
| ) | |
| PLAINTIFF ) | CIVIL ACTION NO. 3:09-CV-120-CRS |
| v. ) | |
| ) | |
| JEFFERSON COUNTY PUBLIC SCHOOLS ) | |
| ) | |
| and ) | |
| ) | |
| JEFFERSON COUNTY BD. OF EDUCATION ) | |
| ) | |
| DEFENDANTS ) | |

\* \* \* \* \* \* \* \* \*

## PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT

This action arises under The Family Medical Leave Act ("FMLA"), 29 U.S.C §2601, *et seq*.

Plaintiff Noris Casado was employed as a custodian at Wheeler Elementary School, a school within the Jefferson County Public School system. On or around July 28, 2008, Plaintiff notified Wheeler Elementary School Principal Julie Barrett that it was necessary for her to return to Colombia, South America, to care for her ill mother. Ms. Barrett told Plaintiff that she could go and could send medical documentation when she got to South America. Plaintiff had substantial unused vacation and sick time and requested that this time be used to the extent that it would pay for her leave.

Plaintiff went to Colombia on August 1, 2008, immediately obtained documentation from her mother's physician, and faxed the documentation to Ms. Barrett at Wheeler Elementary. The documentation, in Spanish but with an English translation, showed that Plaintiff's mother

1

suffered from heart disease, chest pain, and hypertension, serious health conditions as defined by the FMLA.

On August 19, 2008, Principal Julie Barrett mailed Plaintiff a certified letter notifying her that she was terminated because she had not "request[ed] an approved leave of absence" and had "failed to secure approved leave."

JCPS violated the FMLA by terminating Plaintiff for absences that were protected under the FMLA. As a result of Defendants' intentional violation of the Family and Medical Leave Act, Plaintiff has suffered lost wages and employment benefits.

Plaintiff seeks lost wages, salary, and other employment benefits and compensation denied or lost by virtue of Plaintiff's unlawful termination as well as liquidated damages and attorneys' fees.

The parties have agreed to a Scheduling Order which has been tendered to the Court. The parties have had preliminary settlement discussions and are interested in scheduling a mediation before the Magistrate Judge at his convenience. Plaintiff does not believe that there is a need to adopt any special procedures for managing complex issues, as this is a relatively straightforward FMLA case.

Respectfully submitted,

*/s/* Stuart E. Alexander, III
Stuart E. Alexander, III salexander@tilfordlaw.com
Kathleen M.W. Schoen kschoen@tilfordlaw.com
TILFORD, DOBBINS, ALEXANDER
 BUCKAWAY & BLACK, PLLC
401 W. Main St., Ste. 1400
Louisville, Kentucky 40202
T: (502) 584-1000
F: (502) 584-2318
*Counsel for Plaintiff Noris Casado*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 26th day of May, 2009, caused a true and correct copy of the foregoing document to be served by using the CM/ECF system, which will send notice of electronic filing to the following:

C. Tyson Gorman, tgorman@wyattfirm.com
Laurel K. Cornell, lcornell@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
*Counsel for Defendants*

*/s/* Stuart E. Alexander, III
Stuart E. Alexander, III salexander@tilfordlaw.com
Kathleen M.W. Schoen kschoen@tilfordlaw.com

F:\OFFICE\SEA3\Casado.Noris\Pleadings\Scheduling Conference Statement.doc